UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALICIA R. WARNER,

        Plaintiff,

    v.                          Civil No. 05-6272-HA

                                      OPINION AND ORDER

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Alicia Warner seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying her application for Supplemental Security Income

_____

      [1]On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and
he should be substituted in these proceedings as such.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25
(d)(1).

(SSI) disability benefits under Title XVI of the Social Security Act.  This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the Commissioner's decision is affirmed.

**BACKGROUND**

Plaintiff was twenty-eight years old at the time of the Administrative law Judge's (ALJ) decision.  She is a high school graduate and has completed six years of college, but did not obtain a degree.  She has limited work experience, including work as a customer service representative/order clerk and fast food worker.  She last worked in July 2004 as a part-time caregiver for a disabled women, at less than substantial gainful activity (SGA).

She applied for SSI benefits on March 26, 2002.  She alleged disability beginning November 15, 2000, based on fibromyalgia, scoliosis, irritable bowel syndrome, hypoglycemia, post traumatic stress disorder, bi-polar disorder, borderline personality disorder, and chronic pain.  The application was denied initially and on reconsideration.

An ALJ held a hearing on November 4, 2002, at which he heard testimony from three witnesses: plaintiff, who was represented; Susan Dragovich, Ph.D, a medical expert; and Kay Hartgrave, a vocational expert (VE).

On February 24, 2005, the ALJ found that plaintiff had the residual functional capacity (RFC) to work at a reduced range of light work.  Therefore, the ALJ found plaintiff not disabled within the meaning of the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

**STANDARD OF REVIEW**

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *Batson v. Comm'r of Social Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (substantial evidence means more than a mere scintilla but less than a preponderance; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the evidence. *Batson*, 359 F.3d at 1193. The Commissioner, not the reviewing court, must resolve conflicts in the evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40 (Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quotation and citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision

must be upheld in instances in which the evidence would support either outcome).

## DISABILITY STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an "inability

to engage in any substantial gainful activity (SGA) by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has

established a five-step sequential evaluation process for determining if a person is eligible for

benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882

F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the

claimant is so engaged, disability benefits are denied. If not, the Commissioner proceeds to step

two and determines whether the claimant has a medical impairment that meets the regulatory

definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment,

disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to

determine whether the impairment is equivalent to one or more impairments that the

Commissioner has recognized to be so severe they are presumed to preclude substantial gainful

activity. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1

("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of

Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The claimant is entitled to disability benefits if he or she is not able to perform any other work.  20 C.F.R. § 404.1520(f).

The claimant bears the initial burden of establishing his or her disability.  In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  In step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).  If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§  404.1566, 404.1520(g).

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date.  Tr. 18, 22,[2] Finding 1.

At step two, the ALJ found that plaintiff had severe physical impairments, including cyclothymic or major depressive episodes, post traumatic stress disorder, schizotypal personality disorder, irritable bowel syndrome, and history of back pain with fibromyalgia.  Tr. 19, 22, Finding 2.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 19, 22, Finding 3.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work. Tr. 21, 23, Finding 6.  The ALJ so found after determining that plaintiff maintained the RFC to do a modified range of light work, with nonexertional limitations including the inability to work with the public face-to-face, inability to work in coordination or teamwork with others, moderate limitations for close attention and concentration for extended periods of time on detailed or complex material, inability to work in close and constant proximity with others, inability to be exposed to constant or dramatic changes in the work setting, and difficulty formulating independent work goals and plans.  Tr. 21, 22-23, Finding 5.

At step five, applying the Medical-Vocational Guidelines as a framework, and based on the testimony from the VE, the ALJ found that plaintiff was able to do other work that existed in

---

[2]  Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

significant numbers in the national economy, including document review clerk, records clerk, and soft goods or garment sorter.  Tr. 22-23, Findings 7-10.

**DISCUSSION**

Plaintiff challenges the ALJ's evaluation of the evidence and alleges errors at steps four and five of the ALJ's analysis.  Specifically, plaintiff argues that the ALJ erred in evaluating the opinions of Dr. Moulton.  Plaintiff also asserts that the ALJ erred by improperly discrediting plaintiff's testimony.  Finally, plaintiff asserts that the ALJ erred in determining plaintiff's RFC and employability.

**1.      Plaintiff's Testimony**

Plaintiff asserts that the ALJ erred in evaluating plaintiff's testimony.   If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

7- OPINION AND ORDER

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* (reaffirmed in *Bunnell*) to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986).  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests.  First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'"  *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407.  Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom.  This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other such symptoms. . . .  Thus, the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged (emphasis in original).

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).

8- OPINION AND ORDER

In addition to medical evidence, factors relevant to the ALJ's credibility determination include:  a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms.  *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284 (citation omitted).  In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id*. (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so.  *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

In this case, plaintiff produced some objective medical evidence regarding her impairments.  However, the ALJ also referred to clear and convincing evidence in the record supporting the ALJ's ultimate rejection of plaintiff's testimony about her ability to work.  The ALJ examined the relevant medical reports extensively before concluding that plaintiff's

testimony regarding the impact of her impairments was only partially supported by the medical evidence. The ALJ properly found plaintiff's subjective complaints to be inconsistent with the medical evidence and her credibility thereby diminished regarding her complaints of debilitating mental impairments.

The ALJ found that plaintiff's allegations were implausible and that there was evidence she was motivated by secondary gain. For example, Dr. Sjoden found that plaintiff showed "amotivation." Tr. 19. Doctor Dragovich noted that she was concerned about plaintiff's lack of motivation and that her student loan debt gave plaintiff a disincentive for employment. Tr. 20. Consideration of exaggeration for secondary gain is an appropriate credibility determination. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

This court concludes that plaintiff's credibility was evaluated properly in light of the lack of medical evidence to support the severity of limitations she claimed, her reputation for truthfulness, and the evidence that she was motivated by secondary gain. The ALJ offered clear and convincing reasons for rejecting plaintiff's allegation of disability, which are supported by substantial evidence.

### 2. Medical Opinions

Plaintiff next argues that the ALJ improperly disregarded the opinion of psychologist Dr. Moulton, who examined plaintiff. Dr. Moulton concluded that plaintiff has a "marked" impairment in the activities of daily living and in social functioning. Tr. 530. Plaintiff argues that these two "marked" impairments indicate that plaintiff meets the requirements of a listed impairment.

10- OPINION AND ORDER

The court concludes that the ALJ did not err in rejecting the opinion of Dr. Moulton. While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041.

In rejecting Dr. Moulton's opinion, the ALJ noted the contrary opinion of other medical experts, including Dr. Dragovich. The report of a non-examining consultative physician may serve as substantial evidence if it supported by other evidence in the record and it is consistent with it. *Andrews*, 53 F.3d at 1041. Doctor Dragovich was not the only medical expert to contradict Dr. Moulton's findings. Doctor Sjodin, who was plaintiff's examining psychiatrist, state agency psychologists and mental health counselors all contradicted Dr. Moulton's medical opinion as to plaintiff's limitations.

The ALJ also noted the inconsistency in Dr. Moulton's opinion that plaintiff had disabling limitations and his recommendation that she participate in vocational rehabilitation and consider returning to college. Tr. 20, 521. Internal inconsistencies within a physician's report constitute relevant evidence in judging the weight attributed to that report. *Morgan v. Apfel*, 169 F.3d 595, 603 (9th Cir. 1999).

Furthermore, the ALJ noted that Dr. Moulton's assessment was based on plaintiff's subjective descriptions of her limitations, which the ALJ had concluded was exaggerated. An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan v. Halter*, 242 F.3d

1144, 1149 (9th Cir. 2001). The court concludes that the ALJ 's rejection of Dr. Moulton's

opinion was supported by substantial evidence.

####    3.    Residual Functional Capacity and Employability

Finally, plaintiff argues that the ALJ erred by relying upon an inadequate RFC in

developing hypothetical questions for the VE at step five.  As noted above, the ALJ must

determine if the claimant is capable of performing work existing in the national economy.  The

ALJ can support this by showing that jobs exist in the national economy that the claimant's RFC

permits her to perform.

The ALJ asked the VE whether an individual with the same vocational profile as plaintiff

could perform a significant number of jobs in the national economy.  In response, the VE

testified that all jobs in which plaintiff was experienced would be eliminated but the VE

identified other jobs that would be appropriate, including document review clerk and records

clerk. Tr 580-81.

Plaintiff complains that the ALJ's hypothetical question omitted or improperly discounted

the limitations identified by Dr. Mouton or those described by plaintiff.

The ALJ was not required to include such limitations in the hypothetical question

because the ALJ concluded properly that these limitations were not supported by substantial

evidence.  *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (an ALJ is not bound

to accept as true any restrictions presented in a hypothetical question propounded by a claimant's

counsel, but may choose to accept these restrictions if they are supported by substantial

evidence).  As discussed above, the ALJ properly found plaintiff's testimony about the extent of

her symptoms to be unpersuasive or exaggerated.

12- OPINION AND ORDER

The hypothetical question posed by the ALJ was consistent with the objective medical evidence. Accordingly, the ALJ's step-five analysis was proper.

**CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying plaintiff's application for SSI benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this __20__ day of March, 2007.


_____/s/ Ancer L. Haggerty____
Ancer L. Haggerty
United States District Court


13- OPINION AND ORDER